## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:06CV-P65-S

**MARC JONES**                                                                                       **PLAINTIFF**

**v.**

**JEFFERSON COUNTY DEPARTMENT**
**OF CORRECTIONS,** *et al*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court must dismiss this action for failure to state a claim.

### I. SUMMARY OF CLAIMS

Plaintiff has sued eight different defendants claiming that they violated his constitutional rights by failing to properly treat him when he began to urinate blood on November 30, 2005, while being held at the Jefferson County Detention Center ("Detention Center").[1] Specifically, Plaintiff has sued the following individuals in their <u>official capacities only</u>: (1) the Detention Center; (2) Prison Health Services, Inc. ("PHS"); (3) Jonese Joyner, Licensed Practical Nurse for PHS; (4) Charolyn Jessie, Phlebotomist for PHS; (5) Mrs. Patts, Supervising Nurse for PHS; (6) Mr. Patterson, correctional officer for the Detention Center; (7) Mr. Longston, correctional officer for the Detention Center; and (8) Mr. Williams, correctional officer for the Detention

---

[1]Plaintiff has subsequently been transferred to the Kentucky State Reformatory. *See* http://apps.corrections.ky.gov.

Center.

Plaintiff claims that around 5:30 a.m. on November 30, 2005, he began to suffer "unbearable pain" and urinate blood. Plaintiff alerted Officer Patterson, who was working the 11 p.m. to 7 a.m. shift, of his condition and asked to receive medical help. According to Plaintiff, Officer Patterson's response was "emotionless." At 7 a.m. Officer Patterson's shift ended, and Officer Allen took over his duties. Plaintiff alleges that Officer Patterson did not notify Officer Allen of Plaintiff's medical complaints prior to the end of his shift and that Plaintiff had to again report his condition to Officer Allen at approximately 7:35 a.m. Officer Allen called the Nurses' Station and was told that Plaintiff would have to wait until "sick call," which began at approximately 8 a.m. that day.

Plaintiff was not satisfied with this response and "out of pain and frustration then stated 'I will kill myself.'" At approximately 8:45 a.m. Nurse Joyner arrived for sick call. Plaintiff overheard Nurse Joyner tell Officer Allen that she would "have to wait for a doctor." Plaintiff then ignored Nurse Joyner because it was clear to him that she was not going to help him.

At 9:05 a.m. Mental Health psychiatrist Dr. Ed came to talk to Plaintiff about his statement that he was going to kill himself. Dr. Ed agreed that Plaintiff needed medical attention, and at 9:45 a.m. Defendant Jessie, a phlebotomist, came to see Plaintiff. She asked for a urine sample, and Plaintiff indicated that he needed 15 minutes to produce the sample. Defendant Jessie indicated that she would return in approximately half an hour to collect the sample. From 9:40 a.m. to 12:40 p.m., Plaintiff urinated blood and screamed in pain. Defendant Jessie returned at around 12:40 p.m. and collected a urine sample from Plaintiff, which she indicated that she would send for testing. From 3 p.m. to 7 p.m., Plaintiff continued to urinate

blood and experience excruciating pain.  He reported his condition to Officers Williams and Longston.

Nothing was done to help Plaintiff until 7:40 p.m. when Plaintiff again stated that he was going to kill himself.  He was then taken seriously "and rushed down to the medical floor" and placed on observation in the care of Nurse Payne.  Nurse Payne understood that Plaintiff needed medical attention and did not really want to kill himself.  She took a urine sample, had it tested, and confirmed that Plaintiff was urinating blood.  She then placed Plaintiff on the "doctor's list" for the following day.  At 1 p.m. the following day, Plaintiff, who was still urinating blood, saw Dr. Stiengel.  Plaintiff does not indicate the outcome of his visit with the doctor.

Plaintiff concludes that he is "appalled and truly outraged by the lack of concern and seriousness the medical staff and officers showed [him]."  He asks that the medical staff and officers involved be terminated and replaced with "medical workers who work from the love in their hearts for another human being."  He is also seeking monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

3

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The thrust of Plaintiff's claims is that he received inadequate medical attention because he was made to wait over twenty-four hours after the onset of his symptoms before he was seen by a doctor. Plaintiff has sued the Defendants in their official capacities only. If an action for monetary damages is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against Jefferson County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted). For purpose of initial review, it suffices to allege, that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, the complaint does not allege that the Defendants acted in conformance with an unconstitutional policy or custom of county government. There are no allegations from which

5

the Court may infer that a county policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights. Rather, the basis of Plaintiff's complaint appears to be that the individual Defendants acted with personal animus towards Plaintiff or out of a personal disregard for his feelings. The complaint simply does not support a § 1983 claim against Defendants in their official capacities.

Because the Court concludes that Plaintiff has failed to properly state a claim against Defendants in their official capacities, the Court will not address whether the facts, as alleged by Plaintiff, state a cognizable claim for a violation of his constitutional rights.

Accordingly, the Court will dismiss Plaintiff's claims against Defendants, for failure to state a claim on which relief may be granted against Defendants in their official capacities.

The Court will enter an order that is consistent with this memorandum opinion.

Date:

cc:     Petitioner, *pro se*
        Defendants
        Jefferson County Attorney
        4411.008